


U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

**Signed March 3, 2006** **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JERRY L. CARTER and | § | |
| MARILYN M. CARTER, | § | CASE NO. 05-47766-DML-7 |
| Debtors. | § | |
| | § | |
| WILSHIRE CREDIT CORPORATION, | § | CHAPTER 7 |
| Movant. | § | |
| | § | |
| vs. | § | |
| | § | |
| JERRY L. CARTER and | § | |
| MARILYN M. CARTER; and | § | |
| JOHN DEE SPICER, Trustee | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Based upon proceedings held on February 23, 2006, the court makes the following findings and conclusions:

**FINDINGS OF FACT**

1. Jerry and Marilyn Carter (collectively "Debtors") filed their chapter 7 petition pursuant to section 301 of the Bankruptcy Code (the "Code") on August 1, 2005.

2. In their schedule C Debtors claimed as exempt as a homestead under Texas law

certain property located at 315 York Ave., Weatherford, Texas (the "Property").

3. On October 25, 2005, John Spicer, Debtors' chapter 7 trustee (the "Trustee"), timely filed his objection to exemption of the Property.

4. Debtors have owned the Property since November of 2001.

5. Debtors never resided at the Property prior to the filing of their chapter 7 petition.

6. Since filing their chapter 7 petition, Debtors have spent approximately five weekends at the Property.

7. On or immediately prior to the date of commencement of this case, Debtors formed the intent to make the Property their homestead.

8. Other than claiming the Property as exempt (and spending approximately five weekends there since case commencement), Debtors have taken no overt actions to make the Property their homestead.

9. If the court were to rule that the Property is exempt, Debtors intend to move to and reside at the Property.

10. The Property is suitable for residential use and was designed for at least part time residential occupation.

**CONCLUSIONS OF LAW**

1. This is a core proceeding over which the court exercises jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2).

2. Whether the Property is exempt is determined pursuant to Code § 522(b), and, because Debtors' elected to use state exemptions, the law of Texas.

3. Whether the Property qualifies as exempt is to be determined as of the date of the filing of Debtors' chapter 7 petition. *See Owen v. Owen,* 500 U.S. 305, 314 n.6

(1991); *Zibman v. Tow (In re Zibman)*, 268 F.3d 298, 304 (5th Cir. 2001) (citing *White v. Stump*, 266 U.S. 310 (1924)) ("the law and facts existing on the date of filing the bankruptcy petition determine the existence of available exemptions"); *but see Neary v. Cortez (In re Cortez)*, No. 4:05-CV-028-A, 2005 U.S. Dist. LEXIS 39778 at *7 (N.D. Tex. March 9, 2005) (post-petition events are to be taken into account in ruling on a § 707(b) motion).

4. In order for the Property to qualify as exempt as a homestead, Debtors would have to have resided there at some time prior to filing their chapter 7 petition. *See Wilcox v. Marriott*, 103 S.W.3d 469, 472 (Tex. App.—San Antonio 2003, pet. denied) (one claiming property as his homestead has the burden to show overt acts of homestead usage consistent with his intent to use the property as his homestead); *Hilliard v. Home Builders Supply Co.,* 399 S.W.2d 198, 201 (Tex. Civ. App.—Ft. Worth 1966, writ ref'd n.r.e.) ("The mere fact that they may have actually resided in the house over weekends or at other times of longer duration…does not convert it to a homestead"); *Davis v. McClurkan*, 378 S.W.2d 358, 360 (Tex. Civ. App.—Eastland 1964, no writ) (an intention to establish a homestead on designated property unaccompanied by acts evidencing the intent is insufficient to establish a homestead); *Parsons v. McKinney*, 63 Tex. Civ. App. 617, 619, 133 S.W. 1084 (1911) ("If he has never lived on the property, his mere secret intention to, at some indefinite time in the future, occupy it as a home, would not invest it with a homestead character.").

5. Because the Property was never used as a residence prior to commencement of this case, the Property did not qualify as a homestead which could be exempted.

Based upon the foregoing, the Trustee's objection to exemption of the Property must be sustained. The Trustee is directed to submit a Final Judgment consistent with these findings and conclusions.

### END OF ORDER ###